```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
RAMON RODRIGUEZ,                        :
                     Plaintiff,         :
                                        :         09 Civ. 2864 (DLC)
          -v-                           :
                                        :         OPINION & ORDER
FOUR SEASONS HOTELS, LTD., FOUR SEASONS :
HOTEL NEW YORK, their subsidiaries,     :
agents, and assigns,                    :
                     Defendants.        :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff:
Sheila S. Hatami
The Law Offices of Louis D. Stober, Jr.
350 Old Country Road, Suite 205
Garden City, NY 11530

For Defendants:
Paul E. Wagner
Shea Stokes Roberts & Wagner
1405 Hanshaw Road
Ithaca, NY 14850


DENISE COTE, District Judge:

   Defendants Four Seasons Hotels, Ltd., Four Seasons Hotel New York, and their subsidiaries, agents, and assigns (collectively, "the Four Seasons") have moved to compel arbitration of certain of plaintiff Ramon Rodriguez's claims and to stay proceedings pending the arbitration's outcome.  For the following reasons, the motion is granted.

BACKGROUND

On March 26, 2009, Rodriguez filed this diversity action against the Four Seasons seeking damages and other relief.  As set forth in Rodriguez's complaint, he is an Assistant Manager at the Four Seasons Hotel in New York City, and he has worked for the Four Seasons since 1999.  The complaint alleges that the Four Seasons discriminated against him on the basis of his race, color, sex, and national origin by, inter alia, passing him over for promotions and requiring him to train other white, female employees who were then promoted over him.  Rodriguez also alleges that since reporting his complaints, the Four Seasons has retaliated against him by, inter alia, overlooking him for assignments, promotions, and basic training, and subjecting him to disciplinary action.

Rodriguez's complaint asserts two causes of action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., alleging discrimination, harassment, and retaliation based on sex, color, race, and national origin, creation of a hostile work environment, and retaliation for engaging in protected activity.  Rodriguez also asserts a claim under the New York State Human Rights Law, N.Y. Exec. L. Section 290 et seq., and a claim under the New York City Human Rights Law, N.Y.C. Admin. Code. Section 8-101 et seq.  Finally, he asserts claims for the

state law torts of intentional and negligent infliction of emotional harm.

The Four Seasons Hotel New York uses a document called "EmPact" to govern its relationship with employees.  The second page of the EmPact booklet, titled "NOTICE," states that "[t]he conditions contained in this <u>contract</u> will apply to you unless and until they are specifically amended."  (Emphasis supplied).

One of the many items addressed in the EmPact document is the Complaint, Arbitration & Review for Employees procedure for resolving problems and disputes, referred to as "C.A.R.E." EmPact describes the steps in the C.A.R.E. procedure, one of which is that if the employee is not satisfied with the general manager's written decision at a previous step in the C.A.R.E. process, and the complaint is based on, <u>inter alia</u>, employment discrimination or harassment as it relates to the employee's employment, then the employee "must submit [his or her] complaint to be heard by an independent mediator/arbitrator unless [the employee] has chosen to opt out of the mediation/arbitration provisions by following the opt-out procedure."  Under C.A.R.E., the Four Seasons is responsible for all of the costs of the arbitration, except the employee is responsible for payment of $125 towards the arbitration filing fee.

Employees who choose to opt out of the mediation and arbitration provisions of C.A.R.E. are provided with an "Opt-Out Verification" form.  That form informs employees that if they choose to opt out, they will not be eligible for, <u>inter alia</u>, the "No-Fault Separation Pay" associated with a permanent layoff or no-fault termination.  Rodriguez does not claim to have chosen to opt-out of the mediation/arbitration provisions of C.A.R.E.

Rodriguez and the general manager of the Four Seasons signed an EmPact signature page most recently on February 3, 2006.  That page states at the top, under the word "EmPact," in bold font: "My complete personal <u>contract</u> with the Four Seasons Hotel, New York."  (Emphasis supplied).  It goes on to provide that the Four Seasons "recognizes my valuable service as an employee, and agrees . . . to provide me with the benefits described in my EmPact.  In return, I . . . agree to abide by the principles, goals and policies in this EmPact."  The signature page provides that "EmPact is the entire agreement between [the employee] and Four Seasons Hotel, New York unless modified by a specific letter, the terms of which supersede certain defined parts of EmPact," and that the employee's working under EmPact's terms "supports <u>this contract</u>." (Emphasis supplied).

4

The signature page further provides that the employee "has read EmPact and promise[s] to," inter alia, "[u]se C.A.R.E. first for all complaints even if I have exercised my right to opt out of the mediation/arbitration provisions of C.A.R.E.," and unless the employee has exercised the right to opt out, to "use the mediation/arbitration procedure described in C.A.R.E. as the exclusive method of resolving any dispute [the employee] may have relating to termination of [the employee's] employment (including constructive discharge) and/or claims of employment discrimination, harassment, or wage/hour violations." (Emphases supplied). Similarly, the Four Seasons promises to, inter alia, "utilize C.A.R.E. as its exclusive remedy for resolving any disputes relating to [the employee's] termination (including claims of constructive discharge) and/or claims of employment discrimination, harassment, or wage/hour violations."

On December 29, 2008, the Four Seasons sent Rodriguez a Supplemental Offer of Employment, which would have adjusted his salary. The letter specifically provided that Rodriguez's employment would "continue to be governed by the terms of [his] original offer letter and EmPact," and that Rodriguez could accept the offer by signing and returning a copy of the letter. Rodriguez did not sign this supplemental offer letter.

On April 24, 2009, the Four Seasons filed a motion to compel arbitration of Rodriguez's claims and to stay this

5

litigation pending the outcome of the arbitration.  The motion was fully submitted on June 2, 2009.

DISCUSSION

The Federal Arbitration Act ("FAA") was designed to "ensure judicial enforcement of privately made agreements to arbitrate." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 219 (1985). The FAA represents "a strong federal policy favoring arbitration as an alternative means of dispute resolution." JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 171 (2d Cir. 2004) (citation omitted); see also Ross v. Am. Express Co., 547 F.3d 137, 143 (2d Cir. 2008).  Therefore, "under the FAA, 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" JLM Indus., 387 F.3d at 171 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)).  The FAA requires that a contract provision to arbitrate disputes arising out of the contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

Under the FAA, unless parties have unambiguously provided for an arbitrator to decide questions of arbitrability, it is

for courts to decide whether the parties agreed to arbitrate. Contec Corp. v. Remote Solution Co., 398 F.3d 205, 208 (2d Cir. 2005).  A court deciding a motion to compel arbitration must resolve four issues: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement to arbitrate; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration.  JLM Indus., 387 F.3d at 169.

Resolution of these issues in the instant case dictates that each of Rodriguez's claims must be submitted to arbitration and this litigation stayed pending arbitration.  As set forth above, the EmPact agreement was signed by both parties, and it contains an arbitration clause that clearly encompasses Rodriguez's claims.[1]  Furthermore, Congress did not intend for Rodriguez's federal discrimination claims to be nonarbitrable. See 14 Penn Plaza LLC v. Pyett, 129 S. Ct. 1456, 1469 (2009) ("This 'Court has been quite specific in holding that arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving

---

[1] While defendants did not expressly move to compel arbitration of Rodriguez's state common law tort claims, the same exact facts that provide the basis for the federal and state statutory claims of discrimination and retaliation in Rodriguez's complaint are also used to provide the basis for his state common law tort claims.  Therefore, all of the claims in Rodriguez's complaint shall be submitted to arbitration.

employees specific protection against discrimination prohibited by federal law.'" (quoting Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001))).

Rodriguez resists arbitration with three arguments, none of which has merit.  Rodriguez first appears to argue that arbitration clauses are only enforced in the employment discrimination context if the arbitration clause is part of a negotiated collective bargaining agreement or if the employee has signed a Uniform Securities Registration Application.  This contention is incorrect, as the Supreme Court has held that the FAA governs arbitration clauses in employment contracts other than for transportation workers, see Circuit City Stores, Inc., 532 U.S. at 119, and courts regularly enforce arbitration agreements in the employment discrimination context where such agreements are found in private employment contracts outside the securities context and where there is no indication that the arbitration agreements are the result of a collective bargaining agreement.  See, e.g., Nunez v. Citibank, N.A., No. 08 Civ. 5398(BSJ), 2009 WL 256107, at *2 (S.D.N.Y. Feb. 3, 2009) (employment application and employee handbook); Elwell v. Google, Inc., 05 Civ. 6498(DLC), 2006 WL 217978, at *1, *4 (S.D.N.Y. Jan. 30, 2006) (employment agreement).

Secondly, Rodriguez argues that even if his federal claims are subject to arbitration, his claims of discrimination under

the New York State and New York City Human Rights Laws are not subject to arbitration.  Rodriguez's state and city discrimination claims are clearly within the scope of the arbitration clause, and as such must be submitted to arbitration.

Finally, Rodriguez claims that he cannot be found to have agreed to arbitrate because the arbitration clause was in a "booklet" that was not identified anywhere, including on the signature page, as an employment contract.  This argument is completely belied by the documents presented, which as described above show that EmPact contains numerous references to the fact that it is an employment contract.  Perhaps nowhere is the contractual nature of the document stated so clearly as at the top of the signature page, where it reads in bold font: "My complete personal contract with the Four Seasons Hotel, New York."  (Emphasis supplied).

To the extent that Rodriguez is challenging EmPact's enforceability as a contract because "[h]e is an unsophisticated employee who is not from this country" and "[h]is employment contract was . . . unilaterally designed by the employer," these assertions are insufficient to render the contract and the arbitration clause unenforceable.  Far from being an unsophisticated employee, Rodriguez holds a bachelor's degree in Hospitality Management (where he was awarded the honor of Dean's

9

List), as well as a Master's Degree in Education.  More significantly, in the absence of fraud or some other unlawful act, which Rodriguez does not allege, he is conclusively presumed to know and assent to the conditions in his signed EmPact contract.  See Gold v. Deutsche Aktiengesellschaft, 365 F.3d 144, 149 (2d Cir. 2004); see also id. at 150 (finding arbitration clause enforceable in face of argument that party did not understand arbitration clause in signed agreement where party was "a fully competent adult (with an MBA from a top-tier school)" who did "not claim he could not read the print on the form, or otherwise understand it" (citation omitted)).

Similarly, simply alleging that EmPact was designed by the Four Seasons is not enough to render the contract and its arbitration clause unenforceable.  See id. ("Mere inequality in bargaining power between employers and employees is not alone sufficient to hold arbitration agreements unenforceable." (citation omitted)).  In this case, Rodriguez's claim of unequal bargaining power as a reason to find the arbitration clause unenforceable rings especially hollow given the fact that he was not required to submit to the offending mediation/arbitration provisions as a condition of employment, but was provided with the choice of opting-out.  Having declined to opt out, Rodriguez is required by the terms of his signed and valid employment contract to arbitrate his claims.

10

CONCLUSION

Defendants' April 24, 2009 motion to compel arbitration is granted. This action is stayed pending the outcome of the arbitration. The parties are required to consult with each other within the next 30 days regarding the initiation of the arbitration process.

SO ORDERED:

Dated:   New York, New York
         July 10, 2009

                                    _____
                                         DENISE COTE
                                    United States District Judge

11